CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 0 3 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY D. MARTIN, ) | |
|     Petitioner, ) | Civil Action No. 7:05CV00337 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CLIFFORD F. HAPGOOD, ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

Timothy D. Martin, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Martin challenges the validity of his convictions in the Circuit Court for the County of Franklin. The petition is presently before the court on the respondent's motion to dismiss. For the following reasons, I will grant the respondent's motion.

## BACKGROUND

Martin entered an Alford plea to one count of first degree murder and one count of robbery on December 6, 1999. On January 17, 2000, the Circuit Court sentenced Martin to life imprisonment plus twenty-five years. Martin did not directly appeal his convictions or collaterally attack the convictions in state court.

On May 26, 2005, Martin filed the instant petition in the United States District Court for the Eastern District of Virginia. By order entered May 31, 2005, the petition was transferred to this court. The petition contains the following claims:

    1.    "Newly discovered evidence - written letters from my co-defendant stating his actions in the said crimes against me. This was noticed upon reviewing my transcripts."

    2.    "Ineffective assistance of counsel - I was advised to enter a plea knowing that the evidence was not enough to convict me under said charges. Attorneys failed to mention this to me at the hearing of the plea."

On August 22, 2005, the respondent moved to dismiss the petition. Martin subsequently filed a response to the motion on October 5, 2005. In his response, Martin alleges that a "year or two" after he was convicted and sentenced, he requested transcripts of the Circuit Court proceedings from one of his attorneys. When Martin received the transcripts, he noticed that they contained missing pages. Martin then requested the missing pages from his attorney. After Martin failed to receive a response for seven months, he filed a complaint with the Virginia State Bar. Within one week of filing the complaint, Martin received the missing pages. Martin alleges that the missing pages contained two letters from his co-defendant, which should have been used to prove his innocence.[1] Martin's petition is now ripe for consideration.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] In this case, the sentencing order was entered on January 17, 2000. Because Martin did not appeal his convictions, they became

---

[1] Martin did not provide copies of the letters with his petition or his response to the respondent's motion.

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
Here, the petitioner has not alleged anything to support the court's reliance on subsections (B) or (C). Therefore, the court will only consider the timeliness of the petition under subsections (A) and (D).
2

final on February 16, 2000, the date on which his time to appeal expired.[4] Since Martin did not file the instant petition until May 26, 2005, the petition is untimely under § 2244(d)(1)(A).

Although Martin does not specifically invoke 28 U.S.C. § 2244(d)(1)(D), his petition is also untimely under this section. Section 2244(d)(1)(D) provides that the one-year period of limitation begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As previously stated, Martin was sentenced on January 17, 2000. Martin alleges that a "year or two" after he was convicted and sentenced, he requested transcripts from his attorney. Upon receiving the transcripts, Martin noticed that they contained missing pages. Martin received the missing pages approximately seven and a half months later. At that time, Martin discovered two letters from his co-defendant, which allegedly contain exculpatory information. Even assuming that Martin did not discover these letters until 2003, his petition is still untimely under § 2244(d)(1)(D), since it was not filed until May 26, 2005.

As a result, Martin's petition must be dismissed unless he demonstrates some ground for equitable tolling. The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is only appropriate when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003). In response to the respondent's motion to dismiss, Martin appears to argue that he is entitled to equitable tolling because his attorneys were ineffective for failing to appeal his convictions, and for failing to present his co-defendant's

---

[4] Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Martin had thirty days to file a notice of appeal. The thirty-day period expired on February 16, 2000.

3

letters to the Circuit Court. However, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). See also Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance generally does not warrant equitable tolling."); Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the level of extraordinary circumstances required for equitable tolling."). Therefore, I conclude that Martin is not entitled to equitable tolling, and that his petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 3rd day of Nov., 2005.

*[signature]*
Senior United States District Judge